People v Cespedes

2026 NY Slip Op 02379

April 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Victor Jimenez Cespedes, Appellant.

Decided and Entered: April 21, 2026

Ind, No. 75803/23|Appeal No. 6411|Case No. 2025-00139|

Before: Renwick, P.J., Friedman, Gesmer, Pitt-Burke, Hagler, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jane Merrill of counsel), for appellant.

Alvin L. Bragg, Jr., District Attorney, New York (Margaret M. Crookston of counsel), for respondent.

[*1]

Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered December 19, 2024, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree, and sentencing him to a term of eight years, unanimously affirmed.

The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d26 [2024]). There is no basis upon which to disturb the jury's credibility determinations, which are entitled to deference (People v Bleakley, 69 NY2d 490, 495 [1987]). The evidence at trial established that defendant entered an undercover officer's car carrying a box that contained more than 6,000 fentanyl pills and acted as the courier for a negotiated drug transaction between that officer and a narcotics trafficker for a sum of $25,000, permitting the inference that defendant "kn[ew] what he possesse[d]" (People v Reisman, 29 NY2d 278, 285 [1971], cert denied 405 US 1041 [1972]; see People v Green, 35 NY2d 437, 442-443 [1974]; Penal Law § 220.43[1]). Defendant's testimony failed to rebut that inference (see People v Acosta, 174 AD2d 181, 184 [1st Dept 1992], lv denied 79 NY2d 1045 [1992]), and the jury reasonably rejected his claim that he was unaware of the contents of the box, particularly where his testimony conflicted with the video evidence, and he admitted that he would receive $2,000 after the exchange was completed.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 21, 2026